UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| ROY JOHNSON, JR., | ) | C/A No.: 4:14-cv-4272-RMG-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN JOSEPH MCFADDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Roy Johnson, Jr. (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 5, 2014. Respondent filed a motion for summary judgment on May 27, 2015, along with a return and memorandum. (Docs. #31 and #32). The undersigned issued an order filed May 28, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #35). Petitioner filed a response on July 8, 2015. (Doc. #39).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Newberry County. Petitioner was indicted by the Newberry County Grand Jury during the April 2008, Term of the Newberry County Court of General Sessions for burglary, armed robbery, kidnapping, assault and battery of a high and aggravated nature, and possession of firearm or knife during the commission of a violent crime. Petitioner was represented by Chad Jenkins, Esquire. The State was represented by Assistant Solicitor Mindy Zimmerman. Petitioner proceeded to trial by jury before the Honorable Garrison Hill on June 15, 2009. On June 17, 2009, Petitioner was found guilty as charged. (App. 207-08). Judge Hill sentenced Petitioner to incarceration for twenty-five years for burglary first, for twenty-five years for armed robbery, twenty years for kidnapping, ten years for assault and battery of a high and aggravated nature (ABHAN), and five years for the possession of weapon conviction. All of the sentences were to run concurrently. (App. 293).

**Direct Appeal**

Trial counsel filed a notice of appeal on Petitioner's behalf. On October 14, 2010, Elizabeth A. Franklin-Best, Appellate Defender with the Couth Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a final brief on Petitioner's behalf. The only issued raised by appellate counsel was as follows:

> Did the trial court judge err by overruling appellant's objection to a state's witness' testimony speculation about why appellant's clothing appeared odd?

On September 24, 2010, Assistant Attorney General Mark R. Farthing filed a final brief on behalf of the State. On October 21, 2011, the South Carolina Court of Appeals affirmed Petitioner's conviction. The remittitur was issued on November 8, 2011.

**PCR**

On April 10, 2012, Petitioner filed an Application for Post-Conviction Relief (2010-CP-37-531), asserting the following claims:

(a)    Ineffective assistance of counsel

(b)    Insufficiency of evidence

(c)    Conflict of interest

Petitioner attached a memorandum wherein he set out the details of his claims. (See tr. 305-315).

An evidentiary hearing in this action was held on June 4, 2012, before the Honorable Eugene C. Griffith, Jr. (App. 327-379). Petitioner was present and was represented by Nicole Singletary, Esquire. The State was represented by Assistant Attorney General J. Rutledge Johnson. On July 22, 2013, the PCR Court filed its Order of Dismissal denying the application. (App. 380-87).

## PCR Appeal

Petitioner timely served and filed a Notice of Appeal on July 29, 2013. (Attachment No. 4). On appeal, Petitioner was represented by John Tripp, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal to the denial of relief from the PCR Court was perfected with the filing of a <u>Johnson</u> Petition for Writ of Certiorari raising the following issue:

> Did the PCR court err in holding Petitioner failed to show prejudice by not calling his favorable witness at the PCR hearing where the witness had already testified at Petitioner's first trial that resulted in a hung jury?

( Attachment 5).

Appellate counsel filed a petition to be relieved as counsel. After being advised that he could file a *pro se* response to the PCR appellate counsel's petition, Petitioner submitted the following issues:

1)    Petitioner argues that his rights was violated when his trial lawyer

4

allowed prosecutors to read his testimony to the Court, during his 2nd trial. Trial lawyer had infact indicated to petitioner that the jury was not to know he had testified in a previous trial. Petitioner was infact violated under the South Carolina Code Section 19-1150, in which was repealed 2012.

2) Petitioner argues that trial lawyer failed to be deficient in Petitioner's case by not subpenoing his key witness Hasting Moore. Petitioner asserts to the Court trial lawyer was infact ineffective when indicating to petitioner that key witness couldn't be located and he wouldn't make a difference if he (key witness) testified or not. Petitioner states he was prejudiced. – State v. Thomas 154 W. Va 640; 230 S.E.2d 445 (1974).

3) Petitioner argues that trial Counsel was deficient by not giving him proper plea arrangements by entertaining the plea agreements with petitioner.–Trial Counsel provided erroneous sentencing advice, when infact petitioner was agreeing to plea to a 15 year plea bargain in the range of co-defendants. Trial Counsel advised Petitioner to withdraw 30 year plea & take chances of acquittal by trial strategy. Petitioner aggreed with Trial being overwhelmed by sentencing advice. Petitioner asserts he was violated by trial Counsel under his erroneous advice prejudiced him by Counsel coercing him. Judge v. State, 471 S.E.2d 146 S.C. (1996)

4) Petitioner asserts that he also was prejudiced when infact he imformed his trial Counsel of his condition being diagnosed with MRSa. Petitioner argues that trial Counsel erred by giving Petitioner several (meds) several different occasions, leaving Petitioner highly sedated and disoriented. Petitioner argues that he was prejudiced by the acts because he could not have possibly understood anything during that point and time, and trial Counsel should have asked the Courts for continuance. Records even proved infact that Petitioner was infact in distress due to trial being ended a day to give petitioner medical attention. (PCR application pg. 4, sect. 10).

5

5)    Petitioner further argues that he is infact entitled to a new trial based on the records of him being accused by trial Counsel of shooting at his house. Petitioner argues that it was infact an Conflict of interest -based on the grounds of the trial Counsel being verbal suggestive on warning the petitioner that he owns a gun and he will use it by any means. Petitioner asserts to the courts that infact that verbal gesture from trial Counsel was infact a threat and should have been brung to the Courts attention and moved to have the trial Counsel removed from case. Petitioner argues there jury may have overheard the commotion in the open courtroom during their deliberations. Petitioner argues that he was prejudiced by this act within the courtroom by trial Counsel not giving an proper representation to the Petitioner after this point of trial. Petitioner argue on the bases of conflict of interest by trial Counsel and is entitled to a new trial. Cuyter v. Sullivan, Supra, 446 U.S., at 350, 348, 100 S.C.T

6)    Petitioner asserts to the Courts that it was infact insuffcently of evidence to convict during trial. He relies upon the direct verdict presented at the closing of the state's case. The state infact failed to produce any evidence that which was sufficient to convict the petitioner on each charge being presented. The State's evidence failed to meet it's burden and failed to prove each and every element of each charge beyond a reasonable doubt. – "Mere presence at the scene of a crime is insufficient to convict one as a principal on a theory of aidding and abetting." – State failed to prove petitioner was infact acting, participating, aiding or abetting in the prescence of committing a crime of kidnapping, arm robbery, burglary, assault, using an unlawful firearm in possession. Therefore, when infact co -defendants admits to roles of involvement which excludes Petitioner from committing any crime actual involvement. 1) Kidnapping requires proof of an unlawful act such as seizure, confinement, inveglement, decoy, abduction, or carrying away of a person. Code 1976 § 16 -3-910, State v Bersten, 367 S.E.2d152, 295, S.C. 52 2). Arm Robbery state must prove robbery by establishing the commission of a robbery by either of

6

the two additional elements.  Petitioner must be armed  with an
deadly weapon/or the Petitioner alleged the he was armed with an
deadly weapon, either by actions  or  words; while  using  a
representation  of  a deadly  weapon  or  an object  which  a
person  presents  during  the  crime  committed.   State v. Kelvin
Jones  342  S.C.  248,  536  S.E.2d  396  (App.  2000) reversed. 3)
Assault  and  battery  requires  an  unlawful  act  of  violent  injury
accompanied by circumstances of aggravation.  Such aggravation
circumstances  include  the  use  of  a  deadly  weapon,  the
infliction  of  serious  bodily  injury,  the  intent to commit a
felony; a great disparity between the ages and physical conditions
of  the  parties  involved  and  differences  in  sexes.   State v.
Spouse  325  S.C.  275,  286,  n2.  478  S.E.2d  871,  877  n2  (Ct.
App.1996).  State v. Murphy, 322 S.C. 321, 324–25, 471 S.E.2d
739, 740–41 (Ct. App. 1996).

Petitioner  asserts  that  the  failed  to  prove  any  of  the  accused
charges  by  elements.   Petitioner  further  asserts  that  to  be
aidder  or  abetter  the  petitioner  must  be  chargeable  with
knowledge  of  the  principal  Criminal  conduct, mere presence at
the  scene  is  not  sufficient  to  establish  guilty  as  an  aidder  or
abetter.   State  v.  Leonard  292  S.C.  133,  355  S.E.2d  270
(1987).  Based on the record of the trial by jury, jury being sure
there  was  no  evidence  to  convict  petitioner  and confusing of
the  law  given  invites the petitioner to be entitled to a fair and
new trial.

7)    Petitioner asserts that (3) request to charge all of which were made
a  court  exhibit  for  the  record.   Petitioners request to (charge
no.1)  is  an  accurate and proper statement of the law and should
have  been  charged  to  the  jury  in  this  matter. Herefore,  th is
matter  was  a  problem  compounded  by  the  jury's  obvious
confusion  with  the  hand-of-one,  hand-of-all theory as evidence
by several notes in which was presented to the Court by foreman
alone  during  deliberations.   Petitioner  asserts  he  was
prejudiced  by  the  Courts  by  not  charging  the  jury  with
proper  charges  to  eliminate  the  confusion  of  the  law. Trial
Court   assisted  to  pressure  jury  into  deliberations  without  any

7

aid to arrive with a fair verdict. Purpose of instrustions is to enlighten jury and to aid jury into arriving at a correct verdict.

It's error upon the Court to give instructions which are calculated to confuse or mislead the jury. Petitioner argues he's entitled to a new and fair trial based on these grounds. "State v. Elmore 308 S.E.2d 781 The law to be charged is determined by the evidence presented at trial, if the evidence supports a particular requested charge, the trial Courts commits reversible error by refusing to use or issue it. State v. Gourdine, 322 S.C. 396, 472 S.E.2d 241 (1996). State v. Bumiss 334 S.C. 256, 513 S.E.2d 104 (1999). If reasonable jury would doubt whether evidence proves essential elements of crime, Court of appeals must reverse conviction. Petitioner is entitled to instructions on his theory of defense if 1.) The purpose of a correct statement of law. 2.) Theory is supported by evidence, 3.) Theory is not otherwise part of charge and 4.) Failure to include an instruction on defendant's theory or defense would deny him a fair trial. State v. Neville, 82 F.3d750, 761 (7th Cir. 1996). State v. Edwards, 36 F3d 639, 645–46 (7th Cir. 1994)

8)  Petitioner argues as he asserts that he was infact prejudiced and was not granted a fair and lawful trial by jury. Petitioner argues that he was entitled to an mistrial during the course of jury deliberations as trial lawyer failed to due process, as jury foreman was comparing notes with trial court without the entire jury –Petitioner asserts in his arguement that he was prejudiced and his constitutional rights was infact violated by jury foreman being able to correspond with the trial Courts without jury presence, and being given instructions on the law or what action of course by descision to take alone leaving the foreman in discretion to rely any information to jury during the course of deliberations. Petitioner argues that by doing so his rights was infact violated when jury foreman could have given misleading explanations, during their course of confusion of the law and charge being given. State

8

v Nelson 442 S.E.2d 333 (App. 1994).

Failure to bring all jurors back into courtroom to hear jury foreman's explanation of jury's note to trial judge during deliberations, and trial Courts response was reversible error, jury foreman may have relayed jury's request inaccurately or judge's response. Petitioner argues that his constitutional rights depends upon the way in which a reasonable jury could have interperted the instructions, and that determination requires careful attention to the words actually spoken to jury. "In this case the jury was not present and was infact locked in confession." Petitioner further asserts that his rights was infact violated and that petitioner should be granted a new and fair trial.

9)    Petitioner argues that co-defendant was offered a sentencing plea reduction if he would testify during Petitioner's trial. Petitioner argues that he prejudiced by the Courts prosecution in doing so by conducting private dealings of promsings to co-defendants for lesser sentence. Infact Petitioner argues that co-defendants credibility was not sufficient and infact shouldn't have been permissible to the Courts. However, Petitioner argues that co-defendant had been held in contempt during the previous trial and sanction additional months upon his sentence. Petitioner further asserts that co-defendant's credibility should have indicated that he infact was a possible aggressor by relying on his previous record showing he was released twenty-seven days before with murder charges from the same nature of crimes being sentenced to 11 years imprisonment. Petitioner argues that he prejudiced by the states prosecutioner by negotiating a sentencing deal with the co-defendants.

*Pro se* <u>Johnson</u> petition for Writ of Certiorari (errors in original).

By Order filed September 24,2014, the South Carolina Supreme Court denied the Petition for Writ of Certiorari and granted counsel's request to withdraw.

(Attachment No. 8).  The remittitur was issued on October 10, 2014.  (Attachment No. 9).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim with errors:

GROUND ONE:          Ineffective assistance of Counsel

Supporting Facts:    Fact:  Counsel failed to investigate existing 4th party, Fact: Counsel errored in decieving defendant from testifying, Fact: Counsel failed to supeona existing key witness from 1st trial, Fact: Counsel failed in giving defendant any professional plea advice, Fact: Counsel failed to produce to the Courts that defendant had only been 4 warrants –J640995, J640996, J640997 J640998, Fact: Counsel failed to ask for motions of mistrial seeing jury was in confusion & non-aggreement of the law Fact: Counsel error in not objecting

GROUND TWO:          Insufficency of Evidence

Supporting facts:    Fact:  State failed to produce evidence which was sufficient to convict the defendant on each charge proving every element of charges, Fact: no evidence proved defendant in acting, aidding or abetting in kidnapping, arm robbery, ABHAN,

|                     | Burglary 1st, nor possesion of fire arm Fact: Evidence of duress was ignore that defendant was at gun point, Fact: 3 request to charge jury after being confused of the law was ingnored and clarified to the jury |

| GROUND THREE: | Conflict of Interest |

| Supporting facts: | Fact: Counsel admits to having private and confidential communication with co-defendants. Fact: Counsel accused defendant or had in question did defendant having involvement of shooting of his home, during deliberating. Fact: Counsel could no longer represent defendant without malice or prejudice. Fact: Counsel influence defendant to take strong meds during trial in which he supplied the defendant |

| GROUND FOUR: | Court error |

| Supporting Facts: | Fact: Judge Allowed jury foreman to enter courtroom with jury's note alone and only instructed foreman alone and not entire jury. Fact: Court allowed member of jury to hear disturbance of shooting pertaining to defendant's counsel's home Fact: Court allowed prosecutor to offer co-defendant a lesser sentence if he testify after he was held in contempt. |

(Petition).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

11

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

12

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## **ANALYSIS**

### **Grounds One(partial) and Three**

Respondent asserts that a portion of Ground One and all of Ground Three are procedurally barred because they were not raised to and ruled on by the PCR court and were not available for review in the PCR appeal. Specifically, Respondent argues that Ground One sets out seven issues and issues Two, Four, Five, and Six are procedurally barred.

14

In Ground One, Petitioner alleges ineffective assistance of counsel for (1) failing to investigate an existing fourth party, (2) erring in deceiving Petitioner so that he did not testify, (3) failing to subpoena existing key witness from the first trial, (4) failing to give defendant any professional plea advice, (5) failing to produce to the Court that Defendant had four warrants, (6) failing to ask for motions of mistrial, and, (7) failing to object.  In Ground Three, Petitioner asserts counsel had a conflict of interest when he had private and confidential communications with co-defendants, when counsel, during deliberations, accused Defendant of having an involvement with the shooting of his home when counsel could no longer represent Petitioner without malice or prejudice, and when counsel influenced him to take strong medications during the trial which he supplied to Petitioner.

As Ground One, issues Two, Four, Five and Six and Ground Three were either not raised to and/or not ruled upon by the PCR court, they are procedurally barred from review in federal habeas corpus. See Plyler v. State, 309 S.C. 408, 424 S.E.2d 477, 478 (S.C.1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). Petitioner has not demonstrated cause and prejudice for his procedural default of these issues.


**Grounds Two and Four**

15

In Ground Two, Petitioner alleges the State failed to produce sufficient evidence to convict him on each charge, to prove every element of the charge. Respondent argues that this issue is procedurally barred as it was not raised in the direct appeal. In his response, Petitioner asserts that this issue should not be barred because it was not raised in his direct appeal, because he did not litigate his direct appeal. (Doc. #39, p. 14).[2]

In Ground Four, Petitioner alleges trial court error asserting that the judge allowed the foreman to enter the courtroom with the jury's note alone and not the entire jury, that the court allowed member[s] of the jury to hear disturbance in the courtroom regarding a shooting pertaining to defendant's counsel's home, and the court allowed the prosecutor to offer the co-defendant a lesser sentence if he testified after he was held in contempt. Respondent argues that Ground Four is procedurally defaulted in that these issues were not raised in the direct appeal.

The issues raised in Grounds Two and Four are procedurally barred in that they were not raised and/or ruled on at direct appeal. See  Coleman v. Thompson, 501 U.S. 722, (1991)(stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from

---

[2] As Ground Two is an issue of evidence, the court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998).

16

federal habeas review). Petitioner has not demonstrated cause and prejudice to overcome his procedural default. Therefore, it is recommended that Grounds Two and Four be dismissed as procedurally barred.

## Ground One, Issues One, Three and Seven

Issues One, Three, and Seven presented in Petitioner's Ground One allege claims of ineffective assistance of trial counsel. Respondent argues that the PCR court made reasonable factual findings and reasonably applied federal precedent.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant

the right to effective assistance of counsel in a criminal prosecution.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)).  In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal.  Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct

18

> on the facts of the particular case, viewed as of the time of
> counsel's conduct . . . the court must then determine
> whether, in light of all the circumstances, the identified acts
> or omissions were outside the <u>wide</u> <u>range</u> of professionally
> competent assistance.  (Emphasis added.)

<u>Id</u>.; <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the <u>Strickland</u> analysis).

In Ground One, Petitioner asserts trial counsel was ineffective for failing to (1) investigate an existing fourth party and (3) failing to subpoena an existing key witness from the first trial. These two issues were raised and ruled upon by the PCR court and raised in the PCR appeal.

At the PCR hearing, Petitioner testified that trial counsel failed to track down and interview a witness named "Bubba" who allegedly would have testified that he had Petitioner at gunpoint and forced him to enter the Victim's house. (Tr. 335, 336, Petitioner asserts that Bubba or Bubber's testimony would have shown that he was not guilty, but a victim of duress. (Tr. 350-351). Petitioner also testified that he gave trial counsel information about Hastings Moore, who testified at his first trial, but not at his second trial. (Tr. 338-342). Trial counsel testified that Petitioner did not give him any contact information for Bubba. (Tr. 356-358).

The PCR court held as follows with regard to these issues:

> Prejudice from trial counsel's failure to interview or call
> witnesses cannot be shown where the witnesses do not

19

testify at post-conviction relief. <u>Underwood v. State</u>, 309 S.C. 560, 425 S.E.2d 20 (1992); <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991). The Applicant's mere speculation as to what a witnesses' testimony would have been cannot, by itself, satisfy his burden of showing prejudice. <u>Clark v. State</u>, 315 S.C. 385, 434 S.E. 2d 266 (1993); <u>Glover v. State</u>, 318 S.C. 496, 458 S.E.2d 538 (1995). An Applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial. <u>Bannister v. State</u>, 333 S.C. 298, 509 S.E. 2d 807 (1998).

This Court finds Counsel was not ineffective for failing to interview or subpoena witnesses on the Applicant's behalf. The Applicant failed to produce any testimony or evidence at the PCR hearing to show what these witnesses would have testified at trial or how their testimony would have altered the outcome of his trial. Further, Applicant was unable to give "Bubba's" real name and as such, it would have been impossible for Counsel to find this individual and interview or subpoena him. Additionally, the Applicant has failed to prove any resulting prejudice from Counsel's alleged shortcoming. Accordingly, this allegation is denied.

(Tr. 383-384).

In Ground One, issue Seven, Petitioner alleges counsel was ineffective for "not objecting." Assuming Petitioner is asserting that counsel failed to object to the State entering Petitioner's testimony from the first trial into evidence at the second trial, this issue was raised and ruled upon at PCR and raised in the PCR appeal. Respondent asserts that the PCR court made reasonable findings based on the facts and reasonably

applied federal precedent.

At the PCR hearing, Petitioner testified that trial counsel advised him not to testify at the second trial but, without objection,  allowed his testimony from the first trial to be read into the record by the solicitor. (Tr. 342- 344). Upon cross examination at the PCR hearing, Petitioner admitted that he was questioned by the trial judge concerning his right to testify in his own defense, and it was his decision not to testify. (Tr. 353).[3]

Counsel testified that he did not object to the State reading Petitioner's testimony from the first trial into evidence at the second trial because he wanted the testimony to come into evidence. (Tr. 361-363, 367, 373). In fact, trial counsel testified that if the State had not read the testimony into evidence, he would have himself. (Tr. 363, 367-68). Trial counsel testified that it was his opinion that Petitioner testified as well as he could have at the first trial, and with the testimony read in the second trial, there was no additional cross-examination and he knew exactly the content of the testimony. Counsel testified that they did not have to worry "if the story did not exactly coincide with what was said at the first trial and he gets impeached with his own words. I wanted the testimony to come in, the fact that the State brought

---

[3] It is noted that Petitioner's testimony from the first trial was read into the record before Petitioner waived his right to testify at the second trial.

it in or I brought it in really didn't matter." (Tr. 363). Upon cross-examination, trial

counsel testified as follows with regard to this issue:

> I didn't consider the legal reasoning behind it because I was looking at it as a strategic decision. I don't care how it comes in, I wanted it to come in. The fact that they put it in let me get the last closing. Quite honestly I had made the decision or had talked to him about it and he made the decision not to testify. My advice was not to testify at the second trial because I don't think there was any way he could have done as well at the second trial as he did at the first trial and the same facts came in therefore I could argue the same things in closing, I could argue the same things to the jury.

(Tr. 368).[4]

Additionally, trial counsel testified that by Petitioner not testifying at the second trial,

the state was not able to bring into evidence Walmart receipts that would have shown

that co-defendant Partlow went into Walmart between Gastonia and Newberry to buy

bullets for the gun. However, he purchased the wrong type bullets, and Petitioner

entered the Wal-mart and exchanged them for the right caliber of the gun. Counsel

testified that to him this showed a preplanning of a gun involved in the crime. Trial

counsel testified that the receipts were kept out of the first trial because the State had

not provided him with the receipts. Therefore, when the State tried to introduce the

---

[4] Trial counsel did admit that he was not familiar with S.C. Code 19-1150 (repealed 2012) which barred recorded testimony from a previous trial from being used against a defendant by the prosecution in its case-in-chief.

receipts, counsel objected and the Judge sustained the objection keeping the receipts out of the first trial. (Tr. 372-73). Trial counsel testified that the State would have been able to use the receipts in the second trial to show that Petitioner was actually involved in the planning of the robbery. (Tr. 372-73). Counsel testified that if the receipts came in during the second trial, it would diminish their duress defense and argument that Petitioner did not know what was going on and that he was forced into the situation. (Tr. 373). Also, trial counsel testified that by the State introducing Petitioner's testimony in its case-in-chief, he was able to preserve last argument to the jury. Id. Petitioner's PCR counsel argued that "Even though trial counsel said that it was strategy, the use of my client's testimony being granted into the record at this second trial violated his Fifth Amendment rights to remain silent . . . " (Tr. 375). The PCR Judge stated the following at the conclusion of the evidentiary hearing:

> What doesn't make sense to me is, he wants to testify to explain the Walmart receipt or perhaps not, and could explain some things so he wants to testify to explain some nuances or some questions that may have come up in the second trial and yet by all accounts it is uncontradicted that at the first trial he testified as good as could be expected all things considered and didn't get beat up too bad on cross-examination. The second time though there is more leniency and lead way, the prosecutor gets a second run at you. The prosecutor would probably do a better job of cross-examining you and got a little ammunition with the Walmart receipt that is now allowed into evidence, it could go down hill south quick. So if you want to testify, that first clean statement it is pretty good and they are willing to put

23

it in and then we still get closing argument. That is more than just one simple trial strategy, that is about three things mixed into one. We kind of get our cake and we get to eat too and then we don't let you get beat up. So I understand the argument, that is a tricky argument because I read it in a good statement and I would like to have gotten on the stand but I really didn't want to testify but I would like to get on the stand and explain some new, that is tricky.

(Tr. 375-76).

The PCR court held as follows with respect to this issue:

> Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. . . Counsel articulated valid strategic reasons for allowing the State to read Applicant's testimony from the first trial into the record at Applicant's second trial. Because in this case Applicant's defense was duress and other co-defendants testified that Applicant was a willing participant, Applicant's testimony was a necessity. Not only did Counsel get in the testimony that he wanted from Applicant concerning the defense of duress, but he also preserved last argument. Essentially, Counsel had his cake and ate it too. Had Applicant testified a second time, there is very likely chance his testimony would have varied in some way, which would have allowed the State to cross-examine him about prior inconsistent statements and thus, allowed the State to attack Applicant's credibility. This Court finds Applicant has not shown that counsel was deficient in that choice of tactics or any resulting prejudice.
>
> Additionally, where there is overwhelming evidence of guilt, a trial counsel's deficient representation will not be prejudicial. . . . Even assuming *arguendo,* Counsel was deficient for not objecting to the State's reading of Applicant's testimony into the record, no resulting prejudice occurred because of the overwhelming evidence

of Applicant's guilt in this case. First, Applicant admits he was at the scene and in the house on the night of the incident. (See Tr. P. 122 lines 9-16; p. 128 line 5- p. 129 line 7). His only claim was that he was forced into the house. However, his two co-defendants (Austin Partlow and Chauncey Partlow) both testified Applicant was not forced into committing these crimes, but was a willing participate and planner of the robbery. (See Tr. P. 76 lines 15-25; p. 79 lines 4-10; p. 80 lines 14-16; p. 84 lines 8-13' p. 157 lines 13-19; p. 160 lines 7-10; p. 161 lines 18-22; p. 162 lines 9-16; p. 162 lines 13-16; p. 176 lines 17-22). At the PCR hearing, Counsel testified evidence of Wal-Mart receipts were discovered between the first and second trial, but were not used at the second trial. These receipts show that Applicant purchased bullets for the gun used in the robbery and ABHAN from Wal-mart, which proves Applicant helped plan and was a willing participant in these crimes. Therefore, based on the testimony at trial and the PCR hearing, there is overwhelming evidence of Applicant's participation in these crimes.

This Court finds the Applicant has failed to meet his burden of proving counsel's performance was deficient or that he was prejudiced thereby. Accordingly, this allegation is denied.

(Tr. 384-386).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. A presumption of

25

correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, <u>supra</u>; <u>Wilson v. Moore</u>, <u>supra</u>. Additionally, the court will not grant relief based on the state's own standards for sufficiency of the evidence. <u>See</u> <u>Wilson v. Greene</u>, 155 F.3d 396, 407 (4th Cir. 1998); <u>Wright v. Angelone</u>, 151 F.3d 151, 157 (4th Cir.1998). Further, a state court's decision on a question of state law is binding in federal court. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Thomas v. Davis</u>, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). As to the allegations that counsel failed to call or subpoena witnesses, Petitioner did not present any witnesses or testimony at the PCR hearing to show prejudice. (Tr. 350). From the record, it does not appear that PCR counsel specifically questioned trial counsel as to why Hastings Moore was not called to testify at the second trial. Further, PCR counsel did not submit the transcript of Hastings Moore's testimony from the first trial into the PCR record.[5] Therefore, the PCR court found that Petitioner failed to produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the state rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial.[6]

---

[5] Ineffective assistance of counsel is not a free-standing claim cognizable on federal habeas review. 28 U.S.C. 2254(1). Additionally,   <u>Martinez v. Ryan</u>, ⸺ U.S. ⸺, 132 S.Ct. 1309, 182 L.Ed. 2d 272 (2012) does not make a free-standing claim cognizable. <u>See</u> <u>Monroe v. Cartledge</u>, 2015 WL 5092655 ((D.S.C. Aug. 26, 2015); <u>Taylor v. Allendale</u>, 2014 WL 4721183 (D.S.C. Sept. 22, 2014).

[6] In <u>Pauling v. State</u>, 331 S.C. 606, 503 S.E.2d 468 (1998), the court held that the applicant who alleged that trial counsel was ineffective in a first-degree criminal sexual conduct prosecution for

As to the issue of ineffective assistance of counsel for failing to object to the State reading into evidence Petitioner's testimony from the first trial, counsel had strategic reasons for wanting the testimony in the evidence. Counsel stated that Petitioner's testimony from the first hearing was as good as could be expected, he avoided further cross-examination and/or inconsistencies in testimony, he wanted to keep the Walmart receipts out of the second trial to avid undermining the duress defense, and Counsel wanted to get last argument at closing. Courts are instructed not to second guess an attorney's trial strategy and tactics. <u>Goodson v. United States</u>, 564 F.2d 1071, 1072 (4th Cir.1977); <u>Stamper v. Muncie</u>, 944 F.2d 170 (4th Cir.1991). The PCR court found that, even assuming *arguendo* that counsel was deficient for not objecting to the State introducing Petitioner's testimony into the record, no resulting prejudice occurred because of the overwhelming guilt in the case. The PCR court used the proper application of <u>Strickland</u> in deciding there was no ineffective assistance of counsel. The state PCR court's findings of fact are not only entitled to the

---

failing to call the triage nurse as a witness was not required to call the nurse as a witness at the PCR hearing as applicant presented evidence as to the nature of the nurse's testimony by introducing her triage notes. In the current case, Petitioner did not have Hastings Moore testify at the PCR hearing and did not introduce a copy of the transcript from the first trial. Even though Petitioner testified at PCR as to what Hastings Moore said to him and that Moore testified at the first trial, there is no record to confirm Petitioner's testimony. In fact, the State objected to Petitioner's testimony as to what Hastings Moore said as hearsay. The PCR court found that Petitioner did not present evidence beyond speculation of the testimony of Hastings Moore. (<u>See</u> page 4 of the PCR court's order as set forth above.). This ruling by the PCR court involves issues of fact and state law. As set forth above, deference is given to the former and the latter is not cognizable in federal habeas review.

presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Ground One, issues One, Three and Seven.

## <u>CONCLUSION</u>

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #31) be granted and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
October <u>30</u>, 2015                      Thomas E. Rogers, III
Florence, South Carolina             United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice**.