IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roy Johnson, Jr., ) | |
| ) | |
| Petitioner, ) | Civil Action No. 4:14-4272-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 45), recommending that this Court grant Respondent's motion for summary judgment (Dkt. No. 31) and dismiss Petitioner's petition for writ of habeas corpus without an evidentiary hearing. For the reasons stated below, the Court hereby **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## Background

In April 2008, Petitioner was indicted by a grand jury for burglary, armed robbery, kidnapping, assault and battery of a high and aggravated nature, and possession of firearm or knife during the commission of a violent crime. (Dkt. No. 10-2 at 190–99). Petitioner's first trial resulted in a hung jury. On June 17, 2009, a second jury found Petitioner guilty as charged. He was sentenced to 25 years for burglary, 25 years for armed robbery, 20 years for kidnapping, 10 years for assault and battery of a high and aggravated nature, and 5 years for the possession of weapon conviction, all to run concurrently.

Trial counsel filed a notice of appeal, and appellate counsel raised the following issue on appeal: Did the trial court judge err by overruling appellant's objection to a state's witness'

testimony speculation about why appellant's clothing appeared odd? On October 21, 2011, the South Carolina Court of Appeals affirmed Petitioner's conviction, and remittitur was issued on November 8, 2011.

Petitioner filed an application for Post-Conviction Relief ("PCR") asserting ineffective assistance of counsel, insufficiency of evidence, and conflict of interest. The PCR Court held an evidentiary hearing on June 4, 2012, and on July 22, 2013, the PCR Court denied the application.

Petitioner filed a timely notice of appeal to the PCR Court's decision on July 29, 2013. The appeal initially raised the following issue: Did the PCR Court err in holding Petitioner failed to show prejudice by not calling his favorable witness at the PCR hearing where the witness had already testified at petitioner's first trial? The appeal was perfected with the filing of a *Johnson* petition for writ of certiorari, and Petitioner also submitted 9 additional issues in his *pro se Johnson* petition for writ of certiorari, each of which the Magistrate Judge ably reproduced in the R & R. (Dkt. No. 45 at 4–9).

The South Carolina Supreme Court denied the petition for writ of certiorari and granted counsel's request to withdraw. Remittitur was issued on October 10, 2014.

On November 5, 2014, Petitioner filed this petition for writ of habeas corpus, raising four grounds for relief: (1) ineffective assistance of counsel, (2) insufficiency of evidence, (3) conflict of interest, and (4) court error. And on May 27, 2015, Respondent moved for summary judgment. The Magistrate Judge recommended that this Court grant Respondent's motion for summary judgment, finding that (1) Ground Three and portions of Ground One were procedurally barred, (2) Grounds Two and Four were procedurally barred, and (3) the PCR Court made reasonable factual findings and reasonably applied federal precedent to the remaining portion of Ground One. Petitioner filed timely objections. (Dkt. No. 47).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## Discussion

Petitioner raises four grounds for relief. In Ground One, he alleges seven distinct issues pertaining to ineffective assistance of counsel: (1) failing to investigate an existing fourth party,

3

(2) erring in deceiving Petitioner so that he did not testify, (3) failing to subpoena an existing key witness from the first trial, (4) failing to give Petitioner any professional plea advice, (5) failing to produce to the Court that Defendant had four warrants, (6) failing to ask for motions of mistrial, and (7) failing to object. In Ground Two, Petitioner alleges that the state failed to produce sufficient evidence to convict him on every charge. In Ground Three, Petitioner makes several assertions of ineffective assistance against his trial counsel, ranging from a conflict of interest based on counsel's communication with Petitioner's co-defendant to accusing Petitioner with being involved in a shooting at counsel's house within earshot of jury members. Finally, Petitioner's Fourth Ground alleges that the trial court committed error for several reasons.

**I. Procedurally Barred Claims – Grounds Two, Three, Four, and Portions of Ground One**

Habeas petitioners must exhaust the remedies available to them in state court. 28 U.S.C. § 2254(b)(1). If a petitioner fails to raise an issue at the appropriate time in state court, he is procedurally barred from raising the issue in a federal habeas proceeding. This procedural default may be overcome only if the petitioner shows cause for noncompliance and actual prejudice resulting from the violation. *Smith v. Murray*, 477 U.S. 527, 533 (1986) (citing *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

In South Carolina, issues that were neither raised in the PCR hearing nor ruled on by the PCR court are procedurally barred. *Plyler v. State*, 424 S.E.2d 477, 478 (1992). Similarly, issues that are not raised on direct appeal are procedurally barred. *See Bassette v. Thompson*, 915 F.2d 932, 936 (4th Cir. 1990).

Although Petitioner objects to the Magistrate Judge's recommendations regarding Grounds 2, 3, 4, and portions of Ground 1, he does so only in a conclusory fashion. (*See, e.g.*, Dkt. No. 47 at 2–3 ("[A]ll Grounds and Procedures have [in fact] been within the guidelines of

4

writ of habeas corpus pursuant to 28 U.S.C. § 2254 and should hereby be granted to appear before this honorable court."); *id.* at 3 (stating that "[Ground 3] was [in fact] suitable to be heard before this court and is factually proper to be granted an non-barred"); *id.* at 4 ("[A]ll grounds and issues are [in fact] non-barred and should be reviewed by habeas corpus.")). To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed. App'x 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

The Court agrees with the Magistrate Judge's conclusion that Grounds 2, 3, 4, and portions of Ground 1 are procedurally barred. Petitioner failed to raise the issues in Grounds Two and Four on direct appeal. He also failed to raise Ground 3 and issues 2, 4, 5, and 6 of Ground 1 to the PCR Court.

## II. Remaining Ineffective Assistance of Counsel Allegations – Portions of Ground One

The portions of Petitioner's Ground One for relief that are not procedurally barred pertain to alleged ineffective assistance of counsel. Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must

5

show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Petitioner asserts that trial counsel was ineffective for failing to investigate an existing fourth party, failing to subpoena an existing key witness from the first trial, and not objecting to the state entering Petitioner's testimony from the first trial into the second trail. The Court agrees with the Magistrate Judge's conclusion that none of the alleged actions constituted ineffective assistance of counsel. Again, because Petitioner raised only conclusory objections, the Court need not conduct a *de novo* review. *See Smith*, 308 Fed. App'x at 708.

## Conclusion

The Court has reviewed the R & R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the Respondent's motion for summary judgment should be granted and the petition should be dismissed. Therefore, the Court hereby **ADOPTS** the R & R as the order of this Court, **GRANTS** the motion for summary judgement (Dkt. No. 31), and **DISMISSES** the petition.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December  /  , 2015
Charleston, South Carolina

7